UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TIM A. COLLETTE, | Case No. 11-6315-TC |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATION |
| KELLY D. SUTHERLAND of SHAPIRO & SUTHERLAND, as Successor Trustee, and JP MORGAN CHASE BANK, N.A. purchaser of certain assets of WASHINGTON MUTUAL BANK FKA WASHINGTON MUTUAL BANK F.A., | |
| Defendant. | |

COFFIN, Magistrate Judge:

**Background**

Plaintiff, Tim Collette, brings this action seeking declaratory and injunctive relief for equitable redemption due to wrongful foreclosure, breach of contract, unlawful debt collection, and quiet title. Plaintiff claims damages in the amount of $250,000. Plaintiff purchased property in Bend, Oregon on June 30, 2006 financed by a promissory note in the amount of $232,765 through Washington Mutual, FA (WAMU) secured by a deed of trust. On September 25, 2008, defendant JP Morgan Chase Bank, NA (Chase) acquired certain assets of WAMU pursuant to a Purchase and Assumption Agreement brokered by the Federal Deposit Insurance Corporation (FDIC). At some

Page 1 - ORDER AND FINDINGS AND RECOMMENDATION

point thereafter, plaintiff defaulted under the terms of the note and deed of trust and on October 6, 2010, Defendant Shapiro & Sutherland (S&S), successor trustee, recorded a notice of default. On August 9, 2011, plaintiff's property was sold to Federal National Mortgage Association (Fannie Mae) in a foreclosure sale. Plaintiff filed suit in District Court on October 11, 2011. On January 3, 2012, defendant Chase filed a Motion to Dismiss plaintiff's fifth claim for relief, "Unlawful Debt Collection", and a Motion to Strike certain paragraphs in plaintiff's Complaint.

## Legal Standard

Rule 8(a) governs pleadings and requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court addressed the pleading standard required under Rule 8. In doing so, the court rejected the often cited standard cited in Conley v. Gibson, 355 U.S. 41 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. at 45-46. The Twombly court stated that this was an inappropriate pleading standard and should be "forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. Twombly further emphasized the need to include sufficient facts in the pleading to give proper notice of the claim and its basis. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

Thus, under the holding in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "While legal conclusions can

Page 2 - ORDER AND FINDINGS AND RECOMMENDATION

provide the framework for a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

## Discussion

### I. Motion to Dismiss

Defendant Chase moves to dismiss plaintiff's fifth clam for relief, Unlawful Debt Collection. In his Complaint, plaintiff alleges that Chase is liable for violating the Federal Debt Collection Practices Act (FDCPA) in foreclosing on his home. Specifically, plaintiff alleges that Chase violated 15 U.S.C. § 1692f(6) by "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if... there is no present right to possession of the property claimed as collateral through an enforceable security instrument." (#1, ¶70). Plaintiff alleges that Chase is not the owner of the loan, had no right to possession of the property, and wrongfully conducted a non-judicial foreclosure. (Id.) Plaintiff asserts that defendant Chase acted as a debt-collector as defined in the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). Plaintiff bases this allegation on the assertion that Fannie Mae is the owner of the debt. (#1, ¶8).

Defendant Chase argues that the Complaint is insufficient in that it does not allege that Chase is a debt collector as defined under the FDCPA. Chase argues that the Complaint does not affirmatively show that Chase is not owed the debt. This exercise in double negatives does not detract from the remaining issue to be determined: to who is the debt owed. Without resolution of this issue, it is impossible to dismiss this claim for relief as it is entirely possible that Chase is collecting on behalf of another. While Chase argues that it should be considered a "mortgage servicer" as defined under the FDCPA, this claim should be easily resolved through discovery in providing an affidavit of ownership of the note and title. The case law cited by defendant Chase is not yet applicable without knowing the base issue of who is owed this debt. In addition to finding

Page 3 - ORDER AND FINDINGS AND RECOMMENDATION

fault in plaintiff's assertion that the debt was owed or due to another, defendant Chase argues that plaintiff does not allege that the debt was in default at the time Chase allegedly acquired it. Again, defendant Chases's argument is not yet relevant without knowing if Chase did, in fact, acquire the debt.

Without knowing who owned the note and title in question at the time of default and subsequently at foreclosure, the facts presented are consistent with the allegations set forth in the Complaint. In short, without further discovery, it is not possible to determine that plaintiff can prove no facts that would entitle him to relief on his FDCPA claim. Thus, I find that the claim has been stated adequately to survive the Motion to Dismiss. I recommend that the court deny Chase's motion without prejudice to renewal in a motion for summary judgment after discovery is complete.

## II. Motion To Strike

Plaintiff concedes with regard to defendant Chase's Motion to Strike various allegations and legal citations within the Complaint. Plaintiff has provided a Proposed Amended Complaint removing the allegations which Chase sought to strike. Per Rule 15(a)(1)(B), the parties may amend a pleading as a matter of course for a Rule 12(f) motion to strike. Fed. R. Civ. P. 15(a)(1)(B). Chase's Motion to Strike is moot so long as plaintiff files an Amended Complaint within five days of the filing of this Order and Findings and Recommendations.

## Conclusion

### Order

I deny the Motion to Strike (#7) as moot so long as plaintiff files an Amended Complaint. I grant plaintiff leave to file an Amended Complaint. The Amended Complaint must be filed within five days of the filing of this Order and Findings and Recommendations.

### Findings and Recommendations

I recommend that this court deny the Motion to Dismiss (#7) without prejudice to refiling it as a motion for summary judgment after the close of discovery. The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any,

Page 4 - ORDER AND FINDINGS AND RECOMMENDATION

are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 28t day of February 2012.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - ORDER AND FINDINGS AND RECOMMENDATION