UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIM COLLETTE,

                      Plaintiff,

v.

KELLY D. SUTHERLAND, of SHAPIRO &
SUTHERLAND, as Successor Trustee, and JP
MORGAN CHASE BANK, N.A., purchaser of
certain assets of WASHINGTON MUTUAL
BANK FKA WASHINGTON MUTUAL
BANK., F.A.,

                      Defendants.

6:11-cv-6315-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

      Plaintiff, Tim Collette, brings this case seeking declaratory relief invalidating the non-judicial foreclosure and sale of his home, and injunctive relief enjoining any further sale of Plaintiff's property subsequent to the foreclosure sale conducted on August 9, 2011. In addition, plaintiff seeks

Page 1 - FINDINGS & RECOMMENDATION

monetary damages resulting from alleged unlawful debt collection.

Specifically, plaintiff asserts that the notice of sale of his property pursuant to the nonjudicial foreclosure failed to list the "beneficiary" and therefore rendered the notice of sale invalid and the subsequent foreclosure sale illegal. Plaintiff also alleges that the loan servicer, defendant JP Morgan Chase Bank (Chase), is a debt collector who violated the Fair Debt Collection Practices Act (FDCPA) by threatening to take and taking nonjudicial action to effect dispossession of his property despite a lack of a right to possession of the property claimed as collateral through an enforceable security instrument. Defendant Chase now moves for summary judgment.

Plaintiff purchased the subject Bend, Oregon property on about June 30, 2006. Plaintiff executed a promissory note in the amount of $232,765 secured by a deed of trust in favor of Washington Mutual Bank, the original lender. Shortly afterwards, Fannie Mae purchased the loan, but Washington Mutual continued to service the loan.

On about September 25, 2008, the Federal Deposit Insurance Corporation seized Washington Mutual's successor entity and then sold assets to defendant Chase. Accordingly, on September 25, 2008, Chase acquired the servicing rights to plaintiff's loan. Fannie Mae required servicing of the loan to continue through Chase.

Plaintiff defaulted on the loan. Fannie Mae required defendant Chase, as the servicer, to initiated foreclosure proceedings in its own name. On October 7, 2010, Chase appointed defendant Shapiro and Sutherland (S&S), as successor trustee and recorded such appointment in Deschutes County. Defendant S&S then executed and recorded a notice of default and election to sell also on October 7, 2010, identifying Chase as the beneficiary of plaintiff's loan. The notice did not list Fannie Mae in any manner. The notice was served on plaintiff.

Defendant S&S proceeded with the foreclosure sale on August 9, 2011. Fannie Mae credit bid and took title to the property. Plaintiff filed this case on October 6, 2011.

A.  Plaintiff's Claim for Declaratory Relief under the Oregon Trust Deed Act

Plaintiff asserts that the notice and election to sale was defective because it failed to identify Fannie Mae as the beneficiary. Defendant Chase claims entitlement to summary judgment because the Oregon Trust Deed Act (OTDA) expressly allows Chase to foreclose in its own name.

A notice of sale shall include, among other things, the "names of the grantor, trustee and beneficiary in the trust deed, and the mailing address of the trustee." O.R.S. § 86.745(1). In this case, there is no dispute that Fannie Mae is the beneficiary of the deed of trust. However, with Fannie Mae's permission, a mortgage banker like Chase "may service or collect a mortgage banking loan or mortgage loan in the name of the mortgage banker or mortgage broker or in the name of the lender, note owner, note holder or other holder of an interest in the note." O.R.S. § 86A.175(1). Moreover,

> "Service or collect any mortgage banking loan or mortgage loan" includes but is not limited to:
>
> ....
>
> Bringing and maintaining a suit or action to collect amounts owed on a mortgage banking loan or mortgage loan, including but not limited to exercising contractual, statutory or common law remedies such as injunction, specific performance, judicial or nonjudicial foreclosure or receivership.

O.R.S. § 86A.175(3)(e)(C).

Plaintiff, nonetheless, contends that while Chase may give the notice in its own name and conduct the foreclosure in its own name, the notice still must list Fannie Mae as the beneficiary.

Page 3 - FINDINGS & RECOMMENDATION

Plaintiff relies on the Oregon Supreme Court's determination in Brandrup v ReconTrust Co., 353 Or. 668, 709-710 (2013) that MERS, an entity who acted as an agent/nominee for the original lender and its successor, did not have the authority to act on behalf of the beneficiary with respect to a nonjudicial foreclosure:

> The power to transfer the beneficial interest in a trust deed or to foreclose it follows the beneficial interest in the trust deed. The beneficiary or its successor in interest holds those rights. MERS's authority, if any, to perform any act in the foreclosure process therefore must derive from the original beneficiary and its successors in interest. We are unable to determine the existence, scope, or extent of any such authority on the record before us.

However, Chase is not a mere agent of Fannie Mae, but the loan servicer. Chase's power to foreclose derives not only from the acquiescence, indeed the requirement, by Fannie Mae that Chase act in its own name in maintaining a nonjudicial foreclosure, but also from the OTDA itself. The issue of whether a servicer may conduct a nonjudicial foreclosure in its own name without identifying the underlying beneficiary was simply not addressed in Brandrup. The issue, however, was addressed by Judge Panner in Sharpe v Wells Fargo Home Mortg., 2011 WL 5825927 (D.Or. November 16, 2011), with respect to certain recording requirements, in which he states:

> the provisions of ORS 86A.175(3), together with Fannie Mae's servicing contract and guidelines, demonstrate that Wells Fargo did not violate the recording requirements of ORS 86.705(1). ORS 86A.175(3)(C) allows a servicer to initiate non-judicial foreclosure proceedings in its own name. ORS 86A.175(3)(A) allows a servicer to hold the note in its own name (on behalf of the note holder). ORS 86A.175(3)(B) allows a servicer to collect payments on the note in its own name. I agree with defendant that it necessarily follows that ORS 86A.175(3) allows a lender to sell a loan and then record an assignment of the trust deed to the subsequent servicer, provided ORS 86A.175(3) and the note holder allow the subsequent servicer to proceed in its own name. To require Washington Mutual to record the assignment in Fannie Mae's own name would render ORS 86A.175 meaningless.
>
> Although I am troubled with a situation, apparently present here, where the note holder's interest is never revealed to the borrower prior to a non-judicial foreclosure,

the Oregon legislature has clearly spoken on this issue. In certain situations, including those present here, the legislature allows a servicer to proceed in its own name on behalf of the note holder. I do not determine the wisdom of the statute, but only whether defendant violated the statute.

Id. at *3.

Chase also asserts that even assuming a technical violation in the contents of the notice occurred via failure to identify Fannie Mae as the beneficiary, O.R.S. § 86.770 forecloses any challenge to the contents of the notice in this case.

> If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

O.R.S. § 86.770. Sections 86.740 and 86.740 deal with the service requirements for notice and not the content of the notice itself. Plaintiff was properly served with the notice. Chase argues, therefore, that plaintiff's failure to challenge the notice contents prior to the foreclosure sale and recording of that sale, prevents a challenge to any technical deficiency in the content of the notice itself now.

Plaintiff relies on state court cases in which service of the notice was itself deficient or where there was in fact no default in arguing that failure to list the true beneficiary in the notice allows him to seek declaratory relief invalidating the completed sale. But these cases fail to provide support for his argument. Indeed, the judges of this court have repeatedly determined that, under circumstances similar to the case at bar, a completed foreclosure sale and recording of that sale prevents a challenge to technical deficiencies in the content of a properly served notice of default and election to sell. See

Page 5 - FINDINGS & RECOMMENDATION

Liu v. Northwest Trustee Services, Inc., 3:12-cv-484-BR (Order dated October 10, 2013) at pp. 6-9:

>     This Court, other courts in this district, and Oregon state courts have held § 86.770 bars rescission of a foreclosure sale when a borrower has received the notice required under § 86.740 and the property is sold to a bona fide purchaser.
>     For example, in Mikityuk v. Northwest Trustee Services, Inc., the court addressed whether plaintiffs who admitted they were in default and had received notice of a trustee's sale could challenge the validity of the sale after the trustee's sale was conducted and the purchase of the property by a bona fide purchaser was recorded. No. 3:12-CV-1518-PA, 2013 WL 3388536, at *3 (D. Or. June 26, 2013). In Mikityuk the plaintiffs defaulted on the promissory note and trust deed securing their property. The defendants sold the plaintiffs' property to a bona fide purchaser at a trustee sale after the defendants provided the plaintiffs with notice of the sale. The plaintiffs filed an action to have the sale set aside after the sale was completed and the transfer of the trust deed was recorded. The defendants moved to dismiss on the ground that "ORS 86.770(1) requires any challenges to a non-judicial foreclosure ... [to] be made before the trustee's sale." Id., at *3. The court analyzed the terms of § 86.770(1) and concluded the statute was "ambiguous as to when a trustee's sale 'forecloses and terminates' another's property interest." Id., at *4. The court also concluded the statute was ambiguous as to "whether one whose interest was foreclosed by the trustee's deed may raise post-sale challenges to the proceedings." Id. After reviewing § 86.770 in the context of the Oregon Trust Deed Act (OTDA) as a whole, the legislative history, and Oregon cases involving the issue of post-sale challenges to foreclosures, the court concluded § 86.770(1) bars challenges to the validity of a trustee's sale after the sale is completed and the purchase of the property by a bona fide purchaser is recorded. Id., at *10. The court noted
>
> > [t]he legislature provided notice and reinstatement provisions to protect grantors against the threat of wrongful foreclosure. Voiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale. Grantors are wise to raise any challenges to non-judicial foreclosure proceedings, including challenges based on ORS 86.735, before the statutory presumption of finality contained in ORS 86.780. Post-sale challenges run the risk of being barred, as is the case here, because the grantors' interest in the property was "foreclosed and terminated" pursuant to ORS 86.770(1).
>
> Id., at *10. The court, therefore, granted the defendants' motion to dismiss.
>     In Chen v. Bank of America, N.A., the plaintiff filed an action to set aside a completed nonjudicial foreclosure sale on the ground that, among other things, the Notice of Default and Election to Sell was not signed or dated by a "notorial officer" in violation of the provisions of the Oregon Trust Deed Act. No. 3:12-CV-194-PA, 2013 WL 3929854, at *1 (D. Or. July 25, 2013). The plaintiff admitted he received notice of the defendants' intention to sell the plaintiff's property, that his property had

been sold, and that the transfer of the Trust Deed had been recorded before he filed his action to set aside the sale. Id. The court concluded:

> Like the plaintiffs in Mikityuk, plaintiff's challenges to the non-judicial foreclosure sale here are barred. As plaintiff received advance notice of the sale, his interest in the property was "foreclosed and terminated." ORS 86.770(1). Plaintiff's argument that notice here was ineffective because it was not signed and dated by a notorial officer is meritless. The time to make such a challenge is long passed. As discussed in Mikityuk, the notice provisions of the Oregon Trust Deed Act reflect the legislature's intent to provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale. 2013 WL 3388536 at *6 (citing Staffordshire Investments, Inc. V. Cal–Western Reconveyance Corp., 209 Or. App. 528, 542 (2006); NW Property Wholesalers, LLC v. Spitz, 252 Or. App. 29, 34 (2012)).
>
> Although plaintiff here had sufficient time to raise any of the current challenges before the sale, he chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed. Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was foreclosed and terminated.

Id., at *2 (quotation omitted). The court also denied the plaintiff's request for leave to file an amended complaint to "align [his claims] with the recent Oregon Supreme Court opinions in Brandrup v. ReconTrust Co., 353 Or. 668 (June 6, 2013) and Niday v. GMAC Mortgage, LLC, 353 Or. 648 (June 6, 2013)." The court noted "[t]hose opinions concerned MERS and the [ODTA]. An amended complaint, however, would be futile. Brandrup and Niday dealt with pre-sale challenges to non-judicial foreclosure sales. Neither case affects the outcome here, where plaintiff's claims are barred due to ORS 86.770(1)." Id.

Indeed, the plaintiff in Liu raised an identical challenge to the case at bar (through the same counsel as plaintiff in this case), i.e, that the completed sale was invalid because the notice did not contain any reference whatsoever to Fannie Mae and does not identify Fanny Mae as the beneficiary in violation of O.R.S. § 86.745(1). Therefore, even if such failure violates the notice requirements of the OTDA, such challenge to the sale is foreclosed. The motion for summary judgment should be granted as to plaintiff's claim for declaratory relief based on the OTDA

Page 7 - FINDINGS & RECOMMENDATION

B.  Plaintiff's Claim for Unlawful Debt Collection

This claim necessarily fails if Chase did not violate the notice provisions of the OTDA. It also fails because plaintiff does not establish that defendant Chase is debt collector within the meaning of the Act.

The FDCPA excludes from the definition of "debt collector"

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F).

Defendant Chase acquired servicing rights to the loan on September 25, 2008. Plaintiff asserts that he first defaulted on the loan on September 5, 2008, by failing to make the September payment. However, the evidence plaintiff submits is a statement dated October 20, 2008, which shows a payment due date of November 1, 2008, and a past due amount equal to one month's payment which indicates the October 1, 2008 payment had been missed. Exhibit 8 (attached to the Affidavit of John Bowles (#54) at p. 2 . In addition, defendant Chase has submitted plaintiff's payment history for 2008 demonstrating the September payment was made and that the October payment was missed. See Exhibit 1 (attached to the supplemental declaration of Erika L. Aguila (#59) at p. 2 (indicating principal, interest and escrow payment on September 5, 2008, but no such transaction for October and then another principal, interest and escrow payment on November 5, 2008). Plaintiff fails to raise a genuine issue of fact based on the current record before the court indicating he was in default before Chase began servicing his loan. Accordingly, summary judgment is appropriate on this claim for this independent basis as well.

Page 8 - FINDINGS & RECOMMENDATION

## CONCLUSION

For the reasons stated above, defendant JP Morgan Chase Bank's motion for summary judgment (#47) should be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 14 day of November, 2013.

THOMAS M. COFFIN
United States Magistrate Judge