IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIM A. COLLETTE,                                Civ No. 6:11-cv-06315-TC

       Plaintiff,                                           ORDER

  v.

KELLY D. SUTHERLAND of SHAPIRO
& SUTHERLAND, as Successor
Trustee, and JP MORGAN CHASE
BANK, NA, purchaser of certain
assets of WASHINGTON MUTUAL
BANK FKA WASHINGTON MUTUAL
BANK, F.A.,

       Defendants.

AIKEN, Chief Judge:

    Plaintiff filed suit alleging wrongful foreclosure and unlawful debt collection practices arising from the non-judicial foreclosure sale of his property. Plaintiff's claims against defendant Sutherland have resolved, and JP Morgan Chase Bank, NA (Chase) is the sole remaining defendant. Chase moved for summary judgment, and Magistrate Judge Coffin issued his Findings and

1 - ORDER

Recommendation and recommended that Chase's motion for summary judgment be granted. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed timely objections to the Findings and Recommendation. I have, therefore, given de novo review of Magistrate Judge Coffin's rulings. I adopt the Findings and Recommendation.

The background facts and the parties' arguments are set forth in the parties' briefs and in the Findings and Recommendation, and I do not repeat them here. Essentially, plaintiff defaulted on a mortgage loan, and Chase - as servicer of the loan - ultimately commenced non-judicial foreclosure proceedings on behalf of the trust deed beneficiary, Fannie Mae. Chase appointed a successor trustee who executed and recorded a Notice of Default and Election to Sell, followed by a Notice of Sale; both documents identified Chase as the trust deed beneficiary. At the trustee's sale, Fannie Mae took title to plaintiff's property through a credit bid.

Plaintiff filed suit seeking declaratory relief setting aside and invaliding the non-judicial foreclosure of his property.

2 - ORDER

Plaintiff alleges that the non-judicial foreclosure was null and void because the Notice of Sale (Notice) identified Chase as the beneficiary, even though Chase was merely the servicer of the loan acting on behalf of Fannie Mae, the true beneficiary. Under Oregon law, a notice of sale in a non-judicial foreclosure proceeding must identify the beneficiary of the trust deed. See Or. Rev. Stat. § 86.745(1) (notice of sale "shall" list the name of the trust deed beneficiary). Thus, plaintiff argues that the Notice in this case violated Oregon law and nullifies the foreclosure sale.

However, I agree with the Findings and Recommendation that the completed trustee's sale bars plaintiff from challenging the alleged deficiency of the Notice. Regardless of whether the Notice was required to identify Fannie Mae, the fact remains that Fannie Mae possessed the authority to foreclose due to plaintiff's default; and Chase, as the loan servicer, had the authority to appoint a trustee and commence non-judicial foreclosure proceedings on Fannie Mae's behalf. See Or. Rev. Stat. § 86A.175(1),(3)(e)(C) (authorizing loan servicer to exercise "statutory or common law remedies such as injunction, specific performance, judicial or nonjudicial foreclosure or receivership"). Under Oregon law, "the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given." Id. § 86.770(1). Thus, because plaintiff received notice of the trustee's sale, his interest in the property was extinguished.

3 - ORDER

The cases on which plaintiff relies are distinguishable; those cases discuss non-judicial foreclosure in circumstances where MERS is named as the beneficiary and transfers of the promissory note have occurred, Brandrup v. ReconTrust Co., 353 Or. 668, 699-701, 303 P.3d 301 (2013); where service of the notice of sale failed to comply with Oregon statutory requirements, Nw. Property Wholesalers, LLC v. Spitz, 252 Or. App. 29, 39-41, 287 P.3d 1106 (2012)[1]; or where the default did not trigger the right to foreclose, Staffordshire Investments v. Cal-Western Reconveyance Corp., 209 Or. App. 528, 536, 149 P.3d 150 (2006). Plaintiff cites no case holding that a technical deficiency in a notice of sale renders a subsequent trustee's sale ineffective or void.

Notably, plaintiff does not dispute that he was in default or that Chase had the authority to foreclose on behalf of the beneficiary. Further, plaintiff does not allege improper service of the Notice or any failure to provide him with information pertaining to his default or right to cure said default. In sum, the alleged defect of the Notice "had no impact on [plaintiff's] substantive rights." In re Names, 2011 WL 1837819, at *4 (Bankr. D. Or. May 13, 2011). Consequently, the completed trustee's sale bars plaintiff's challenge. See also Mikityuk v. Nw. Trustee Servs.,

---

[1] Whether service of a notice of sale complies with Oregon law determines the effect of the subsequent trustee's sale; a trustee's sale "forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750." Or. Rev. Stat. § 86.770(1).

4 - ORDER

Inc., ___ F. Supp. 3d ___, 2013 WL 3388536, at *9-10 (D. Or. Jun 26, 2013).

With respect to plaintiff's unlawful debt collection claim, plaintiff does not dispute Magistrate Judge Coffin's findings, and I find no error.

## CONCLUSION

Accordingly, Magistrate Judge Coffin's Findings and Recommendation issued November 14, 2013 (doc. 61) are ADOPTED as set forth above. Defendant Chase's motion for summary judgment (doc. 47) is GRANTED, and plaintiff's claims are DISMISSED. Judgment shall issue accordingly.

IT IS SO ORDERED.

Dated this 15th day of January, 2014.

_____
Ann Aiken
United States District Judge

5 - ORDER